UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

BESHOY SALIB,

     Petitioner,

v.

WARDEN, EDEN DETENTION
CENTER,

     Respondent.

No. 6:26-CV-086-H

## ORDER

Before this Court is Beshoy Salib's habeas petition (Dkt. No. 1) and his motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 17). Salib, who filed his petition pro se and is now represented by counsel, broadly challenges his continued detention and seeks an "order of supervision in order to be with [his] family." Dkt. No. 1 at 7. Since Salib's asylum claim remains on appeal before the Board of Immigration Appeals, *id.* at 2, and given counsel's extensive reply brief, *see generally* Dkt. No. 13, the Court construes Salib's claims for relief as challenging his detention without bond as a violation of the INA, its implementing regulations, the APA, *Accardi* doctrine, and the Fifth Amendment's Due Process Clause. *See* Dkt. No. 1 at 6. While this petition was pending, Salib's counsel notified the Court that she filed a second habeas petition in the Western District of Oklahoma, where Salib is presently detained, and moved for dismissal without prejudice so that Salib may pursue his habeas claim there. Dkt. No. 17; *see Salib v. Figueroa*, No. 5:26-CV-1250 (W.D. Okla.).

The petition and the motion to dismiss (Dkt. Nos. 1; 17) are denied. Counsel is advised to refrain from filing duplicative petitions going forward.

Start with the motion to dismiss without prejudice pursuant to Rule 41(a)(2).  That rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The Court sees no reason that dismissal would be proper.  Salib has fully litigated his habeas petition before this Court.  And Salib's transfer from Eden Detention Center—where he was detained at the time of filing the petition—to a detention facility in Oklahoma does not deprive this Court of jurisdiction.  Jurisdiction "attaches with the initial filing for habeas corpus relief, and is not destroyed by a transfer or the petitioner and the accompanying custodial change." *Smith v. Fleming*, No. 4:02-CV-440, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002).

To the extent Salib believes dismissal is warranted because of his second habeas petition, he is mistaken.  *See* Dkt. No. 17 at 1 (seeking dismissal based on new petition "challenging the same detention").  "Where two civil actions involving the same parties and issues are pending in federal court, 'the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions.'" *Vetcher v. Sessions*, No. 3:18-CV-1724, 2018 WL 4006812, at *1 (N.D. Tex. July 12, 2018) (quoting *W. Gulf Maritime Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 730 (5th Cir. 1985)).  Petitions for a writ of habeas corpus are civil actions subject to the same rule.  *Id.* at *2 (collecting cases).

Now onto Salib's habeas petition.  He illegally entered the United States less than two years ago.  Dkt. No. 7 at 2.  Shortly after his entry, ICE issued a Notice to Appear, charging Salib with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 2–3.  The Court has carefully considered the

pro se petition as well as counsel's reply brief.[1]  The Court has also considered hundreds of

habeas petitions that sought relief on the same grounds raised in Salib's petition, and it has

determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A).  *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- The assertion that *Buenrostro-Mendez* is inconsistent with the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), is frivolous.  *Hererra-Hernandez v. Valdez*, No. 6:25-CV-090, Dkt. No. 16 at 6–7 (N.D. Tex. Apr. 28, 2026).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent.  And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process.  *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[2]  Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances.  *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.  And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A).  *Diaz Patino*, 822 F. Supp. 3d at 723–26.

---

[1] Counsel is reminded that "arguments cannot be raised for the first time in a reply brief."  *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).  Moreover, "unlike in cases involving *pro se* litigants, courts are not compelled to liberally construe the pleadings of parties represented by counsel."  *Barron v. United States*, 111 F.4th 667, 679 (5th Cir. 2024) (Ramirez, J., concurring).  However, the Court is deeply familiar with the issues raised here and thus considers counsel's arguments.

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention.  *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026).  The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*.  Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

- To the extent that *Sosnova Rodriguez* does not foreclose relief for cases of prolonged detention, the Due Process Clause does not require release. *Ramirez Castellano v. Strong*, No. 6:26-CV-125, ___ F. Supp. 3d ___, 2026 WL 2225137 (N.D. Tex. Aug. 3, 2026).  A petitioner's detention is not indefinite when the possibility of voluntary departure remains.  *Id.* at *9.

- Claims of family separation, even assuming they are not foreclosed by *Sosnava Rodriguez*, do not set forth grounds for release under the Due Process Clause. *Hererra-Hernandez*, Dkt. No. 16 at 11.

- An alien's prior release on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) or on recognizance under 8 U.S.C. § 1226(a) does not permit him to evade mandatory detention under Section 1225.  *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas.  *Garibay-Robledo*, 814 F. Supp. 3d at 760.

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas.  *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

Salib's arguments in the petition are largely the same as the arguments raised in the cases above.  The Court previously found these arguments unavailing.  The Court has considered them anew in this petition and is unpersuaded.  Salib raises two additional arguments of note.  First, Salib says that his detention is unconstitutional because it is not in "accordance with the . . . 8th and 14th Amendments."  Dkt. No. 13 at 12 n.4.  These claims

are frivolous, given that the Eighth Amendment only applies to criminal punishment[3] and that the Fourteenth Amendment does not govern federal action.[4]

Second, Salib roundly criticizes his detention as the severest of due-process deprivations.  "No one can claim . . . that persons held within the United States are totally without constitutional protection."  Dkt. No. 13 at 22.  This is a reference to the entry-fiction doctrine, "which treats certain noncitizens on U.S. territory as not having 'entered' as a matter of law."  *Ramirez Castellano*, 2026 WL 2225137, at *10 (quoting *Mullin v. Al Otro Lado*, 609 U.S. ___, 146 S. Ct. 2079, 2108 n.6 (2026) (Sotomayor, J., dissenting).  Because Salib is in the United States without admission, the fiction applies to him.  *See id.*

Salib wonders whether, if the Court were to tolerate the entry-fiction doctrine, whether the Constitution "would . . . leave the Government free to starve, beat, or lash those held within our boundaries."  Dkt. No. 13 at 22.  Salib is free to criticize the entry-fiction doctrine.  But "[l]egal fiction though it may be, it is one that is recognized [as] precedent" in both the Fifth Circuit and the United States Supreme Court.  *Ramirez Castellano*, 2026 WL 2225137, at *11 (citations omitted).  Besides, no one is suggesting that everyday removal proceedings and detention are anything like the parade of horribles to

---

[3] Counsel quotes *Ingraham v. Wright* for the proposition that the "unnecessary and wanton infliction of pain" violates the Eighth Amendment.  Dkt. No. 13 at 24 (quoting 430 U.S. 651, 670 (1977)).  Counsel would do well to quote the whole sentence: "*After incarceration*, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Id.* (emphasis added) (citation modified).  As *Ingraham* thoroughly and unambiguously explains, "every decision of [the Supreme] Court considering whether a punishment is 'cruel and unusual' . . . has dealt with a criminal punishment."  *Id.* at 666.  That excludes immigration-detention claims writ large.  *See id.* at 667–68.

[4] *Huynh v. Noem*, No. 1:26-CV-006, Dkt. No. 18 at 17 (N.D. Tex. Mar. 16, 2026) (dismissing a Fourteenth Amendment claim as "inexplicable because the plain text of Section One (to which [the petitioner] presumably refers) does not restrict the authority of the federal government in any way whatsoever, minus its citizenship clause").

which Salib cites, as all aliens have some entitlement to due process. *See id.* at \*7 (explaining the nature of due process in the immigration context). And thus Salib's citation of late-1800s and early-1900s Supreme Court cases on the fundamentals of alien due process do not suggest that there is any tension between the Fifth Circuit's precedential stay in *Sosnava Rodriguez* and higher precedent, nor do they suggest that he is entitled to relief. *See* Dkt. No. 13 at 25–26.

Moreover, unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release as a remedy. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997)). Rather, the proper remedy for unconstitutional conditions of confinement should be equitable—to correct the unlawful practices that make the conditions intolerable. *See Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, or procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127–28 (5th Cir. 1987)). For all these reasons, habeas relief is unwarranted.

Finally, the Court is concerned with counsel's conduct in this case. It is unacceptable to ask not one but two district courts to resolve what appears to be substantively the same claim for relief and to require two separate United States Attorney Offices to expend resources responding to substantively the same matter over a course of months. As counsel is likely aware, the United States District Courts are facing a flood of habeas petitions on the subject matter raised in Salib's petition. Moreover, counsel did not

alert this Court to the duplicative filing until after a United States Magistrate Judge in the Western District of Oklahoma filed a Report and Recommendation that Salib be released from custody. *Salib v. Figueroa*, No. 5:26-CV-1250, Dkt. No. 20 (W.D. Okla. July 30, 2026).

The Court is also concerned that counsel took the time to draft a new habeas petition and yet did not file one in this case, in which the original petition was drafted by Salib himself. Counsel previously sought leave to file an amended petition (Dkt. No. 11), but the Court denied the motion without prejudice for failure to comply with the Local Civil Rules. Dkt. No. 12. Rather than comply with this Court's Local Civil Rules, counsel filed a new petition in a different court. Counsel's conduct in this case raises concerns, therefore, that she has not complied with her duties of candor to the Court and diligence on behalf of her client. Therefore, counsel is advised that: (1) if any other petitions pending before this Court implicate the first-filed rule, she must promptly notify the Court; (2) future failures to disclose duplicate petitions may result in an order to show cause why sanctions should not be imposed.

The motion to dismiss (Dkt. No. 17) is denied, and the petition (Dkt. No. 1) is denied with prejudice.

So ordered on August 12, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE